Conant Machine & Steel Company, Inc. v. Commissioner.
Conant Machine & Steel Co. v. Commissioner
Docket No. 49853.
United States Tax Court
T.C. Memo 1955-170; 1955 Tax Ct. Memo LEXIS 165; 14 T.C.M. (CCH) 648; T.C.M. (RIA) 55170; June 28, 1955
Samuel Freedman, C.P.A., 199 Washington Street, Boston, Mass., for the petitioner. John M. Doukas, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined deficiencies in petitioner's 1945 declared value excess profits and excess profits tax in the amounts of $89.23 and $3,760.95, respectively. The sole issue before us, and which relates to the excess profits tax deficiency, is what is petitioner's equity invested capital? Findings of Fact Some of the facts are stipulated and are incorporated herein by this reference. Petitioner, a corporation organized under the laws of Massachusetts, filed its tax returns with the collector of internal revenue for the district of Massachusetts. Petitioner was incorporated in 1929 and acquired its assets from *166 Wallace B. Conant in exchange for capital stock. Wallace B. Conant, as a sole proprietor for a number of years prior to 1929, had been engaged in the manufacture of loading conveyors and dealing in steel. Petitioner filed articles of incorporation with the Commonwealth of Massachusetts which disclose that 500 shares of capital stock, par value $100 a share, were issued as follows: Cash
24 shares
$ 2,400
Mch. & Fixtures
45 shares
4,500
Services
3 shares
300
Merchandise
178 shares
17,800
Bills Rec. (Trade)
250 shares
25,000
500 shares
$50,000
In petitioner's 1945 excess profits tax return it claimed an equity invested capital of $67,085.49. This was based on $50,000 paid in for stock, and accumulated earnings and profits at the beginning of the year of $17,085.49. On the face of petitioner's 1945 income and declared value excess-profits tax return the total cost of operations was taken as an expense against gross receipts, and it was also stated that the return was made on the basis of cash receipts and disbursements. No balance sheet was filed with the return. Petitioner indicated that it manufactured loading machines and dealt in steel supplies; *167 this was the same business as its predecessor. Similarly, on petitioner's tax returns for 1942, 1943, 1944 and 1946, in answer to a question on the returns as to whether the returns were on a cash receipts and disbursements basis, petitioner answered "Yes." No balance sheets were included on any of these returns. Respondent's adjustment in the deficiency notice was as follows: "(a) Equity invested capital
decrease
$17,085.49
"Although on a cash basis you
used accumulated earnings at
beginning of 1945 as computed
under the accrual method of
reporting. The balance sheet
as at December 31, 1944 shows
a deficit; therefore, there was
no accumulated earnings at the
beginning of 1945.
"Authorized capital stock 1000
shares, $100 par value, common
issued as below: Cash
24 shares
$ 2,400.00
Machinery and
Fixtures
45 shares
4,500.00
Merchandise
178 shares
17,800.00
Bills Receivable
(Trade)
250 shares
25,000.00
Services
3 shares
300.00
$50,000.00
Total amount claimed
$67,085.49
Total amount allowed
7,200.00
Decrease
$59,885.49"
Respondent, in computing petitioner's deficiency, excluded from equity invested capital alleged *168 accumulated earnings, merchandise, and bills receivable. Opinion In this proceeding we must determine petitioner's equity invested capital for the purpose of computing its excess profits credit. Among those items which make up invested capital under section 718 [1] of the 1939 Code are: money paid in, property paid in, and earnings and profits at the beginning of the year. In the present case we are concerned with property paid in, and earnings and profits at the beginning of the year. The parties are in agreement that *169 the transfer of assets from a proprietorship to petitioner in 1929 was a nontaxable exchange under section 112(b)(5) of the 1939 Code, "Exchanges Solely in Kind - Transfer to Corporation Controlled by Transferor." Now, respondent maintains under section 113(a)(8) [2] that the basis of the property acquired by petitioner was the same as it would have been in Conant's hands. Respondent has determined that Conant, as a sole proprietor, was on a cash basis in the year of the exchange; therefore, the inventory and the bills receivable had a zero basis in his hands. Similarly, as a result of the tax-free exchange, the property had a zero basis in petitioner's hands, and would not be an addition to equity invested capital. *170 Respondent also maintains that petitioner had a deficit on December 31, 1944. Therefore, there were no earnings or profits to increase equity invested capital. Now, in opposition to respondent's contentions, petitioner maintains that its predecessor was on an accrual basis and that its inventory and accounts receivable could be an addition to equity invested capital. Additionally, petitioner contends it had accumulated earnings and profits which were additions to equity invested capital. The questions before us, that is, what was Conant's method of accounting, and what were petitioner's accumulated earnings and profits at the beginning of the taxable year, are questions of fact. The evidence indicates that Conant filed his tax returns for 1922, 1923 and 1924 on an accrual basis, but petitioner was unable to secure his records for the years 1925 through 1928. Petitioner's 1929 tax return indicated the basis of the return was actual receipts and disbursements; no balance sheet was attached. Included in petitioner's evidence in this proceeding were tax returns for 1942, 1943, 1944, 1945 and 1946; the income tax returns indicated that they had been prepared on a cash basis. Balance *171 sheets were omitted, and none were submitted in evidence. In fact, balance sheets for petitioner, or its predecessor, for any year, were not offered in evidence. The record does contain the predecessor's cash book for the years 1925 through 1928, a journal for 1925, and a ledger for 1925. However, with this evidence, there is no proof of the accounting method used by Conant in 1928. We do not know how the predecessor in 1928 accounted for his inventories, accounts receivable and payable, and reserves for depreciation. Evidence of the bookkeeping treatment of these accounts would indicate the accounting method used. At the most there is only an inference that Conant continued the accrual method for 1925 through 1928 for we have no evidence that permission was requested to change the method of accounting. See Regulations 111, section 29.41-2. On the other hand, respondent has determined that the cash method was used by Conant for 1929. In addition, petitioner's tax returns for 1942 through 1946 indicate that the returns were prepared on a cash basis. Petitioner and its predecessor were in the same business, and again we have no proof of a change in accounting. On the record before *172 us we can only sustain respondent's determination that Conant in 1929 was on a cash basis. Thus petitioner has not met its burden of proof as to the propriety of the additions to equity invested capital based on inventory and accounts receivable. Since equity invested capital can also be composed of earnings and profits, we must now consider the possibility of an addition to equity invested capital as the result of accumulated earnings. Except for the tax returns for 1942 through 1944, petitioner has not submitted evidence of its surplus account for the years prior to 1945. On brief and based on earnings starting with 1942, petitioner contends that its accumulated surplus at January 1, 1945, was $20,562.69, and at the beginning of 1946 it was $43,454.32. However, petitioner has not shown whether its accumulation of earnings prior to 1942 was a surplus, or a deficit. Therefore, we do not know whether the accumulation as of December 31, 1944, was a surplus or a deficit. Again, respondent must be sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 718. EQUITY INVESTED CAPITAL. (a) Definition. - The equity invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b) - (1) Money Paid In. - Money previously paid in for stock, or as paid-in surplus, or as a contribution to capital; (2) Property Paid In. - Property (other than money) previously paid in (regardless of the time paid in) for stock, or as paid-in surplus, or as a contribution to capital. Such property shall be included in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange.↩
2. SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) of Property. - The basis of property shall be the cost of such property; except that - * * *
(8) Property Acquired by Issuance of Stock or as Paid-in Surplus. - If the property was acquired after December 31, 1920, by a corporation - (A) by the issuance of its stock or securities in connection with a transaction described in section 112(b)(5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), or (B) as paid-in surplus or as a contribution to capital, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.↩